**In re the Marriage of Timothy Allen GOOSE, Petitioner, Appellant,**

v.

**Rose Marie GOOSE, Respondent.**

**No. C6-86-1893.**

Court of Appeals of Minnesota.

May 19, 1987.

Patrick S. Hammers, Park Rapids, for appellant.

Gregory D. Larson, Park Rapids, for respondent.

Heard, considered and decided by PARKER, P.J. and SEDGWICK and LANSING, JJ.

## OPINION

PARKER, Judge.

This appeal is from a dissolution judgment and decree granting respondent physical custody of the parties' son. Because the trial court did not abuse its discretion in finding respondent to be the child's primary caretaker, we affirm.

## FACTS

Appellant Timothy Allen Goose and respondent Rose Marie Goose were married on August 18, 1973. Their son, Garrick, was born September 8, 1984. From December 5, 1984, to April 18, 1985, appellant was working in Alaska, and respondent cared for Garrick by herself. On April 18, 1985, appellant returned from Alaska and participated in the caretaking responsibilities.

On May 31, 1985, appellant apparently discovered that respondent was planning to file for divorce. He moved out of the house, but returned five days later. He then initiated marriage dissolution proceedings of his own. After a hearing appellant was granted temporary physical custody of Garrick, who was then nine months old.

At trial the court's witness, Dr. Karl Ostrom, recommended that appellant be granted custody. The trial court agreed that it would be in Garrick's best interests to grant custody to appellant, but nevertheless felt constrained under *Pikula v. Pikula*, 374 N.W.2d 705 (Minn.1985), to grant custody to respondent:

> If the court were permitted to use the best interest of the child test and Minn.

Stat. § 518.17, [subd. 1,] without the holding of the Minnesota Supreme Court in *Pikula,* the court would have awarded the custody of the child to the father. It is the court's opinion that this would provide much more stability and that the father would have invited and allowed the mother to become very involved in the raising of the child, which in all respects the Court sees as being a benefit to the child. However, the *Pikula* case requires the court to make a decision upon primary caretaker and permits the court only to look at the primary caretaker up until the commencement of the action.

The trial court concluded that respondent had been Garrick's primary caretaker up until the commencement of the action:

> [D]uring the nine month lifetime of the child prior to the commencement of this action, much of Mr. Goose's time was spent in Alaska and obviously he was giving no care to the child whatsoever. In the very early months of the child's life the child was breast fed and so obviously the mother was feeding the child and getting up with the child at such times as that was needed and providing the care in excess of the amount that Mr. Goose was providing. Thus, the court can come to no other conclusion other than the primary caretaker of the child over the months of the child's life and up until the commencement of the petition has been Mrs. Goose.

After the trial court entered its judgment, appellant moved for amended findings of fact, additional findings of fact, amended conclusions of law, amended judgment, stay of judgment, temporary custody pending appeal, new trial, and waiver of the appellate bond or the setting of a lesser amount. A hearing was held and the court issued an order adopting two of appellant's additional findings of fact, but denying the remaining motions. Timothy Goose appeals the custody award, contending the trial court misinterpreted and improperly applied *Pikula*.

## ISSUE

Did the trial court abuse its discretion in granting respondent physical custody of Garrick Goose?

## DISCUSSION

In reviewing custody awards, this court is limited to determining whether the trial court abused its discretion by making findings unsupported by the evidence or by improperly applying the law. *Pikula v. Pikula*, 374 N.W.2d 705, 710 (Minn.1985).

We cannot say the trial court improperly applied the law. In *Pikula* the Supreme Court established the rule for determining custody of young children:

> [W]hen both parents seek custody of a child too young to express a preference, and one parent has been the primary caretaker of the child, custody should be awarded to the primary caretaker absent a showing that the parent is unfit to be a custodian.

*Id.* at 712.

Garrick Goose is too young to express a preference. It is further undisputed that each party is quite fit to be Garrick's custodian. As the trial court explained,

> there is no doubt that each of the parents is fit to be a parent to the minor child. In fact, seldom has the court had the pleasure of seeing two parents who wish to have their child so badly and who have the qualifications for being a good parent.

Since neither parent is unfit, the issue is which parent, if either, was Garrick's primary caretaker "at the time the dissolution proceeding was commenced." *Id.* at 714. Appellant argues that the trial court, by looking at the full nine-month lifetime of the child, failed to focus on the short period between his return from Alaska and his institution of suit.

Under *Pikula*, the following criteria are instrumental in making the primary caretaker determination:

1. preparation and planning of meals;
2. bathing, grooming and dressing;
3. purchasing and caring for clothes;
4. arranging for medical care;
5. arranging social interaction;
6. arranging alternative care;
7. putting the child to bed at night; attending to the child in the middle of the night;
8. disciplining and toilet training;
9. educating, i.e., religious, cultural, social, etc.; and
10. teaching elementary skills.

*Id.* at 713–14.

The trial court's finding that respondent was the primary caretaker was supported by respondent's testimony that between April 18, 1985, and May 31, 1985, she fed, bathed and dressed the baby, purchased, cleaned and cared for his clothing, saw to his medical needs, made sure his appointments were kept and his shots were administered, put him to sleep at night, and took care of him during the night and in the morning. Although respondent's testimony was contradicted by that of appellant, this court will not disturb the trial court's findings upon conflicting evidence so long as there is evidence reasonably supporting its determination. *Peterson v. Johnston*, 254 N.W.2d 360, 362 (Minn.1977).

Appellant strenuously urges that the child's best interests should overrule the primary caretaker determination. Although this presents a profound question, *Pikula* and its progeny stand for the proposition that the two determinations are not inconsistent.

## DECISION

Affirmed.